IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| MARIE ROSE FINAZZO, | ) | CIVIL NO. 05-00524 JMS-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HAWAIIAN AIRLINES, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**<u>ORDER AWARDING ATTORNEY'S FEES AND COSTS</u>**

On July 14, 2006, Defendant Hawaiian Airlines ("Defendant") filed its Motion for Leave to Use and Disclose Plaintiff's Confidential Health Information ("Motion to Disclose"). This Court set the Motion to Disclose for hearing on August 8, 2006. Plaintiff Maria Rose Finazzo ("Plaintiff") did not file her memorandum in opposition to the Motion to Disclose until August 4, 2006. On August 7, 2006, Defendant filed a motion to strike the memorandum in opposition ("Motion to Strike") and an ex parte motion to shorten time on the Motion to Strike ("Motion to Shorten Time"). At the August 8, 2006 hearing, this Court denied the Motion to Strike and the Motion to Shorten Time and allowed Plaintiff's counsel to argue the Motion to Disclose. The Court, however, stated that it would impose sanctions in the form of attorney's fees and costs for the

untimely filing of Plaintiff's memorandum in opposition.[1]  This Court also issued an order to this effect on August 9, 2006.  The Court ordered Plaintiff to pay Defendant's reasonable expenses, including attorney's fees and costs, incurred in connection with: 1) the reply to the Motion to Disclose; 2) the Motion to Strike; and 3) the Motion to Shorten Time.  On August 21, 2006, Defendant's counsel filed a declaration in support of the award of attorney's fees and costs, requesting $5,104.88 in attorney's fees and $230.88 in costs, for a total award of $5,335.76.  Plaintiff did not file an opposition.  After reviewing Defendant's submission, and based on this Court's familiarity with the case, the Court awards Defendant attorney's fees in the amount of $3,497.00 and costs in the amount of $199.52, for a total award of $3,696.52.

## DISCUSSION

Based upon this Court's August 9, 2006 order, there is no need to determine whether Defendant is entitled to said fees and costs.  Accord Local Rules LR7.4 ("An opposition to a motion set for hearing shall be served and filed not less than eighteen (18) days prior to the date of hearing."); LR11.1 ("Failure of counsel or of a party to comply with any provision of these rules is a ground for imposition of sanctions. . . .  Consistent with the Federal Rules of Civil Procedure, failure to comply with

---

[1] Plaintiff's counsel did not object to the sanction.

these rules may result in a fine, dismissal, or other appropriate sanction.").

I.  **Attorney's Fees**

Under federal law, reasonable attorney's fees are generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000). The court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." Hensley, 461 U.S. at 433. Second, the court must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation. See Fischer, 214 F.3d at 1119 (citation omitted).

> The factors the Ninth Circuit articulated in Kerr are:
>
> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Kerr, 526 F.2d at 70. Factors one through five have been

subsumed in the lodestar calculation.  See Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996).  Further, the Ninth Circuit, extending City of Burlington v. Dague, 505 U.S. 557, 567 (1992), held that the sixth factor, whether the fee is fixed or contingent may not be considered in the lodestar calculation.  See Davis v. City & County of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993).  Once calculated, the "lodestar" is presumptively reasonable.  See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987); see also Fischer, 214 F.3d at 1119 n.4 (stating that the lodestar figure should only be adjusted in rare and exceptional cases).

Defendant requests the following lodestar amount for work it contends is compensable under the terms of this Court's order:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Lynne T.T. Toyofuku | 6.5 | $265 | $1,722.50 |
| Jan M. Boivin | 8.1 | $190 | $1,539.00 |
| Lyn M. Hurlbutt | 6.7 | $125 | $ 837.50 |
| Paul F. Kessler | 6.2 | $125 | $ 775.00 |
| | | TOTAL REQUESTED LODESTAR | $4,874.00 |

[Exhs. A & D to Decl. of Lynne T.T. Toyofuku in Supp. of Award of Attorneys' Fees & Costs ("Toyofuku Decl.").]  Ms. Toyofuku was admitted to the Hawai`i bar in 1989 and has been a partner at

various firms since 1998.  [Id. at ¶ 4.a.]  Ms. Boivin is an associate who was admitted to the Hawai`i bar in 2004 and who was apparently admitted to the Virginia bar in 2002.  [Id. at ¶ 4.b.] Ms. Hurlbutt and Mr. Kessler are both paralegals with over thirteen years of experience.  [Id. at ¶¶ 4.c., 11.c.]

### A.   Reasonable Hourly Rate

In determining whether an hourly rate is reasonable, the Court considers the experience, skill, and reputation of the attorney requesting fees.  See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should reflect the prevailing market rates in the community.  See id.; see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district").

In addition to their own statements, attorneys are required to submit additional evidence that the rate charged is reasonable.  See Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).  Defendant submitted a chart from the 2006 edition of the Pacific Business News as evidence of the range of hourly rates for partners and associates in Hawai`i law firms. Defendant states that the requested fees are within these ranges. [Toyofuku Decl. at ¶ 8.d.] In addition, this Court is well aware of the prevailing rates in the community and Plaintiff did not

contest Defendant's submission.

Based on this Court's knowledge of the prevailing rates in the community and the parties' submissions in this case, this Court finds the requested hourly rate of $265 for Ms. Toyofuku to be manifestly reasonable.  The Court, however, finds that the requested hourly rates of $190 for Ms. Boivin and $125 for the paralegals are unreasonable.  A reasonable hourly rate for an associate with Ms. Boivin's experience is $150 and a reasonable hourly rate for paralegals with Ms. Hurlbutt's and Mr. Kessler's experience is $85.

**B.    Hours Reasonably Expended**

Beyond establishing a reasonable hourly rate, a party seeking attorney's fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained.  See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted).  A court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable.  See id. at 637 (citing INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987)).  A court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case."  Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted).  Time expended on work deemed

"excessive, redundant, or otherwise unnecessary" shall not be compensated.  See Gates, 987 F.2d at 1399 (quoting Hensley, 461 U.S. at 433-34).

Some of the work items recorded by counsel and the staff are not compensable.  Ms. Toyofuku billed for her preparation for the hearing on the Motion to Disclose, an item that was not included in this Court's order awarding attorney's fees and costs.  Ms. Hurlbutt billed for updating case files, which is a clerical task that should be subsumed in the firm's overhead.  This Court, however, cannot make a precise deduction for these non-compensable tasks because the requested hours are recorded in the "block billing" style.

"The term 'block billing' refers to the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks."  Robinson v. City of Edmond, 160 F.3d 1275, 1284 n.9 (10th Cir. 1998) (citations and quotation marks omitted).  Block billing entries generally fail to specify a breakdown of the time spent on each task.  This practice makes it difficult to determine whether counsel spent a reasonable amount of time on a particular task.  This Court must therefore estimate how much time Ms. Toyofuku and Ms. Hurlbutt spent on the non-compensable tasks.  The Court will reduce Ms. Toyofuku's and Ms. Hurlbutt's time by one hour each.  The Court finds the

remainder of their time, and the time spent by Ms. Boivin, to be necessary and reasonably expended in connection with: 1) the reply to the Motion to Disclose; 2) the Motion to Strike; 3) the Motion to Shorten Time; and 4) the preparation of Ms. Toyofuku's declaration in support of the award of fees and costs.

The Court however, finds the time spent by Mr. Kessler to be excessive. He spent 6.2 hours revising Ms. Toyofuku's declaration and compiling the exhibits to her declaration. The Court finds that 4.0 hours is a reasonable amount of time for those tasks.

### C. **Total Lodestar Award**

Based on the foregoing, this Court finds that Defendant has established the appropriateness of an award of attorney's fees as follows:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Lynne T.T. Toyofuku | 5.5 | $265 | $1,457.50 |
| Jan M. Boivin | 8.1 | $150 | $1,215.00 |
| Lyn M. Hurlbutt | 5.7 | $ 85 | $ 484.50 |
| Paul F. Kessler | 4.0 | $ 85 | $ 340.00 |
| **TOTAL LODESTAR AWARD** | | | **$3,497.00** |

The Court declines to adjust this amount based on the Kerr factors and awards Defendant attorney's fees in the amount of $3,497.00.

8

**II.   Costs**

Defendant also seeks $230.88 in costs consisting of the following:

| | |
|---|---:|
| Copier Costs (including tax) | $125.42 |
| Legal Research Costs | $ 65.98 |
| Outside Courier Costs | $ 39.48 |
| **Total** | **$230.88** |

[Toyofuku Decl. at ¶ 9, Exh. C.]

**A.   Copying Costs**

Defendant's copying costs, which apparently refer to in-house copying, consist of:

| | | |
|---|---|---:|
| 8/07/06 | Motion to Strike (42 pages @ .20 page) | $8.40 |
| 8/07/06 | Exhibits to Reply Memo (50 pages @ .20 page) | 10.00 |
| 8/07/06 | HAL Reply Plaintiff's Opposition to Motion for Leave to Use/Disclose Conf. Health Records (450 pages @ .20 page) | 90.00 |
| 8/08/06 | Ex Parte Motion to Shorten Time for Hearing on Motion to Strike (60 pages @ .20 page) | 12.00 |

| | |
|---|---:|
| **Subtotal Copier Costs** | **$120.40** |
| **Tax @ 4.166%** | **5.42** |
| **TOTAL COPIER COSTS** | **$125.42** |

[Exh. C to Toyofuku Decl.]  The Court finds that all of the copies were reasonable and necessary to the relevant filings. Further, copying costs are commonly incurred in litigation and typically passed on to fee paying clients.  The Court, however,

9

finds the per page rate of $0.20 to be unreasonable.  The Court finds the $0.15 per page rate typically allowed pursuant to Local Rule 54.2(f)4. to be a reasonable rate.  The Court will therefore award the following copying costs:

```
Motion to Strike (42 pages @ .15 per page)        $ 6.30
Exhibits to Reply (50 pages @ .15 per page)       $ 7.50
Reply (450 pages @ .15 per page)                  $67.50
Motion to Shorten Time (60 pages @ .15 per page)  $ 9.00
                                      Subtotal    $90.30
                                      4.166% Tax  $ 3.76
                                      Total       $94.06
```

**B.    Westlaw**

Defendant incurred $65.98 in Westlaw research costs.  Electronic legal research costs are commonly incurred in litigation and typically passed on to fee paying clients.  Defendant states that all costs were incurred in relation to the relevant filings.  [Toyofuku Decl. at ¶ 10.]  The Court therefore finds that the Westlaw costs were reasonable and necessarily incurred and are fully compensable.

**C.    Courier Costs**

Defendant incurred $39.48 in outside courier costs for filing at the district court and two deliveries to Plaintiff's counsel.  Courier costs are commonly incurred during litigation and typically passed on to fee paying clients.  The Court finds that these expenses are reasonable and were necessarily incurred in connection with the relevant filings.  The Court finds that the courier costs are compensable in full.

**D. Total Costs Awarded**

This Court therefore awards Defendant costs as follows:

```
Copier Costs                                    $ 94.06
Legal Research Costs                            $ 65.98
Outside Courier Costs                           $ 39.48
                                    Total       $199.52
```

## CONCLUSION

On the basis of the foregoing, this Court awards Defendant in $3,497.00 attorney's fees and $199.52 in costs, for a total award of $3,696.52. The Court orders Plaintiff to pay these amounts to Defendant's counsel by no later than January 5, 2006.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, December 8, 2006.



    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**MARIE ROSE FINAZZO V. HAWAIIAN AIRLINES; CIVIL NO. 05-00524 JMS-LEK; ORDER AWARDING ATTORNEY'S FEES AND COSTS**