IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| MARIE ROSE FINAZZO, | ) | CIVIL NO. 05-00524 JMS-LEK |
| Plaintiff, | ) | |
| vs. | ) | |
| HAWAIIAN AIRLINES, | ) | |
| Defendant. | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR ORDER COMPELLING DISCOVERY RE: PLAINTIFF MARIA ROSE FINAZZO'S DEPOSITION AND FOR FEES AND COSTS AND/OR SANCTIONS**

Before the Court is Defendant Hawaiian Airlines' ("Defendant") Motion for Order Compelling Discovery Re: Plaintiff Maria Rose Finazzo's Deposition and for Fees and Costs and/or Sanctions ("Motion"), filed March 2, 2007. Plaintiff Maria Rose Finazzo ("Plaintiff") filed her memorandum in opposition on March 23, 2007 and Defendant filed its reply on March 26, 2007. On March 27, 2007, this Court held a status conference regarding discovery, at which time the parties discussed the issues raised in the Motion. Lynne Toyofuku, Esq., and Jan Boivin, Esq., appeared on behalf of Defendant, and Brandee Faria, Esq., appeared on behalf of Plaintiff. The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion, supporting and

opposing memoranda, and the relevant legal authority, Defendant's Motion is HEREBY GRANTED IN PART and DENIED IN PART for the reasons set forth below.

## BACKGROUND

On January 29, 2007, this Court ordered Plaintiff to submit to a four-hour continued deposition regarding damages. Defendant states that Plaintiff evaded efforts to schedule the deposition.  The parties finally scheduled Plaintiff's deposition for March 1, 2007, but Plaintiff failed to appear.  Defendant seeks an order compelling Plaintiff to appear at her deposition and awarding Defendant its attorney's fees and costs incurred in bringing the instant Motion.  Defendant also seeks an extension of time to file the report of its expert, Dr. Byron Eliashof. This Court previously ordered that his report be filed by March 21, 2007, based on the parties' representation that Plaintiff's deposition would occur on March 1, 2007.

Defendant complains that Plaintiff's failure to appear at her deposition is part of a series of discovery problems it has encountered with Plaintiff.  For example, Defendant had to obtain an order compelling her to submit to an independent psychiatric examination, Plaintiff resisted Defendant's efforts to identify and obtain records from her treating physicians, and Plaintiff twice requested that her deposition be rescheduled.

In her memorandum in opposition to the Motion, Plaintiff explains that a family emergency required her to be out of the state on the day of her deposition.  Plaintiff also represents that she informed Defendant's counsel as soon as possible before the scheduled deposition and that Plaintiff's counsel offered to assist Defendant's counsel in rescheduling Plaintiff's deposition.  Plaintiff argues that an order compelling her appearance is unnecessary and that an award of attorney's fees and costs is inappropriate because she could not appear at the deposition due to the family emergency.

In its reply, Defendant argues that Plaintiff's explanation that a family emergency required her to miss the deposition is not credible.  Plaintiff did not provide an affidavit, nor does Plaintiff's opposition describe the nature of the emergency.  Further, Plaintiff also claimed that a family emergency required the rescheduling of her previously noticed February 14, 2007 deposition.

### DISCUSSION

I. **Plaintiff's Deposition and Dr. Eliashof's Report**

Plaintiff does not dispute that she must appear at her further deposition regarding damages, as previously ordered by this Court.  This Court will therefore GRANT Defendant's request for an order compelling Plaintiff to appear at her deposition. The Court ORDERS Plaintiff to appear for her continued deposition

on the issue of damages, which counsel for both parties agreed will be held on April 10, 2007, at 9:00 a.m., at the offices of Marr Hipp Jones & Wang.

In light of the new date for Plaintiff's continued deposition and the fact that Dr. Eliashof will be out of the country from mid-April until May 8, 2007, this Court GRANTS Defendant's request to continue the deadline for the submission of his expert report. Dr. Eliashof's report shall be due on May 22, 2007.

## II. Sanctions

Defendant also seeks an award of its attorney's fees and costs incurred in bringing the instant Motion. Federal Rule of Civil Procedure 37(d) provides, in pertinent part:

> If a party . . . fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, . . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule. . . .  In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. of Civ. P. 37(d). In light of the fact that Plaintiff was unable to attend her March 1, 2007 deposition because of a family emergency which required her to be out of the state, this

Court finds that sanctions are inappropriate.  The Court acknowledges that, in light of the history of this case, Defendant is skeptical of Plaintiff's explanation for her absence, but there is nothing in the record to indicate that Plaintiff's family emergency was not genuine.

The Court, however, notes that, when it became clear that Defendants would not reschedule the March 1, 2007 deposition to accommodate her family emergency, Plaintiff should have brought the matter to this Court's attention instead of merely informing Defendant's counsel that she would not appear.  For example, Plaintiff could have sought a protective order pursuant to Fed. R. Civ. P. 26(c) or requested expedited discovery assistance pursuant to Local Rule 37.1(c).  Plaintiff must understand that this case must move forward regardless of her family situation.  Unless she can obtain Defendant's stipulation to change certain deadlines to accommodate her various family situations, Plaintiff must obtain a court order to adjust the deadlines imposed by the applicable rules and the courts.  This Court therefore cautions Plaintiff that her April 10, 2007 deposition cannot be rescheduled without leave of this Court.  If Plaintiff fails to appear at her April 10, 2007 deposition, she may be subject to sanctions, including, but not limited to, a recommendation that her claims be dismissed in whole or in part, and a requirement that she pay Defendant's attorney's fees and

costs associated with the deposition and any necessary motions to compel her appearance.

Further, the Court notes that it is essential for Defendant to complete Plaintiff's deposition so that the action can proceed.  In order to ensure the completion of Plaintiff's deposition, this Court will extend the previously allotted time by two hours.

### CONCLUSION

On the basis of the foregoing, Defendant's Motion for Order Compelling Discovery Re: Plaintiff Maria Rose Finazzo's Deposition and for Fees and Costs and/or Sanctions, filed March 2, 2007, is HEREBY GRANTED IN PART and DENIED IN PART.  The Motion is GRANTED to the extent that this Court orders Plaintiff to appear at her deposition on **April 10, 2007, at 9:00 a.m., at the offices of Marr Hipp Jones & Wang.**  The deposition shall not exceed six hours, excluding breaks, and is limited to the issue of damages.  The Motion is also GRANTED to the extent that this Court extends Defendant's deadline to submit Dr. Eliashof's report until May 22, 2007.  The Motion is DENIED in all other respects.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, March 28, 2007.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**MARIE ROSE FINAZZO V. HAWAIIAN AIRLINES; CIVIL NO. 05-00524; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR ORDER COMPELLING DISCOVERY RE: PLAINTIFF MARIA ROSE FINAZZO'S DEPOSITION AND FOR FEES AND COSTS AND/OR SANCTIONS**