IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| MARIE ROSE FINAZZO, | ) | CIVIL NO. 05-00524 JMS-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HAWAIIAN AIRLINES, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT AND DENYING DEFENDANT'S MOTION TO STRIKE PLAINTIFF MARIA ROSE FINAZZO'S REPLY TO DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT FILED MARCH 30, 2007 [DOC. NO. 189]**

On February 28, 2007, Plaintiff Maria Rose Finazzo ("Plaintiff") filed her Motion for Leave to File Third Amended Complaint ("Motion to Amend"). Defendant Hawaiian Airlines ("Defendant") filed its memorandum in opposition to the Motion to Amend on March 22, 2007. Plaintiff filed her reply on March 30, 2007. That day, Defendant filed a motion to strike Plaintiff's reply ("Motion to Strike"). The Court finds these matters suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the motions, supporting and opposing memoranda, and the relevant legal authority, Plaintiff's Motion to Amend and Defendant's Motion to Strike are HEREBY DENIED for the reasons set forth below.

## **BACKGROUND**

The parties and the Court are familiar with the factual and procedural background of this case. The Court will therefore only address the events that are relevant to the instant motions.

Plaintiff filed a pro se discrimination charge with the Equal Employment Opportunity Commission ("EEOC") and obtained a right to sue letter on or about May 18, 2005. On August 15, 2005, Plaintiff, proceeding pro se, filed the instant employment discrimination action against Defendant. Plaintiff's counsel filed a notice of appearance on November 4, 2005. Plaintiff filed the First Amended Complaint on December 2, 2005 and Defendant filed its answer on December 22, 2005.

On April 27, 2006, Plaintiff filed her Motion for Leave to File Second Amended Complaint ("Second Amended Complaint Motion"). Plaintiff sought to add four individual defendants, Lawrence Payne, Vance Tilley, Michael Dudley, and Robert Glasgow (collectively, "Proposed Defendants"), and to add and two new claims based on state law, a violation of Hawai`i Revised Statutes Chapter 378 and intentional infliction of emotional distress ("IIED"), against Defendant and the Proposed Defendants.

On June 5, 2006, this Court issued an order granting the Second Amended Complaint Motion in part and denying it in part. The Court granted the motion as to the addition of the state law claims against Defendant and denied the motion as to

the addition of the Proposed Defendants because the claims against them were futile.  Plaintiff filed her Second Amended Complaint on June 6, 2006.

Plaintiff now seeks to amend her complaint to expand her existing claims to include alleged discriminatory and retaliatory actions that occurred during the pendency of this action.[1]  She also seeks to add Robert Glasgow as a defendant based on his involvement in the events alleged in the Second Amended Complaint and the new events alleged in the Proposed Third Amended Complaint.  Plaintiff alleges that, during her May 2006 deposition in the instant case, "a vulgar and sexist posting" of refrigerator magnets appeared in Defendant's crew room.  [Exh. 1 to Reply ("Proposed Third Amended Complaint") at ¶¶ 66-67.]  She alleges that she was distressed by the incident and became physically ill.  According to her doctor, her illness was likely related to stress from the posting in the crew room.  [Id. at ¶¶ 68-70.]  Plaintiff made an internal complaint about the posting.  The Proposed Third Amended Complaint states that, on June 23, 2006, in response to Plaintiff's complaint, Glasgow informed her that she was being removed from duty and would have to attend a fitness-to-fly hearing.  Although Plaintiff's

---

[1] Plaintiff originally sought to add several other claims and to add all of the Proposed Defendants referenced in the Second Amended Complaint Motion.  Insofar as Plaintiff has agreed to withdraw these proposed amendments, the Court will only address the proposed amendments that remain in dispute.

personal physician opined that she was fit to fly, Defendant refused to return her to service and insisted that the psychiatric evaluation she underwent in the instant action be used to determine her fitness to fly. Plaintiff alleges that this indicates that Defendant's inquiry into her fitness to fly is retaliatory in nature. Further, in December 2006, Defendant terminated Plaintiff's paid leave. [Id. at ¶¶ 71-73.] On February 14, 2007, Plaintiff obtained a right to sue letter from the EEOC based on these new allegations. [Reply at 3.]

Plaintiff states that, at Glasgow's deposition, Defendant's counsel instructed him not to answer any questions about the new allegations. Defendant's counsel argued that the questions were premature because the EEOC had not finished its investigation and Plaintiff had not added them to the complaint in the instant case. Plaintiff contends that the new allegations are "part and parcel of the ongoing retaliatory treatment" that Defendant has perpetrated against her and that, by preventing her from obtaining discovery about these incidents, Defendant is preventing her from properly prosecuting this case. [Mem. in Supp. of Motion at 8.]

Plaintiff argues that, if she is not allowed to amend her complaint, she must file a separate lawsuit based on the February 14, 2007 right to sue letter. Plaintiff states that she would then move to have the two cases consolidated, so an

amendment to the current complaint would be the more efficient course of action.  Plaintiff emphasizes that, pursuant to Federal Rule of Civil Procedure 15(a), leave to amend should be freely granted and that courts can grant leave to amend at any stage of the proceeding.  [Id. at 9-10.]  She asserts that Defendant will not be prejudiced if she is allowed to amend her complaint because there is ample time before trial[2] and discovery is still in its early stages.  Further, Plaintiff argues that she will be severely prejudiced if the Court denies the Motion because Defendant has improperly prevented her from obtaining the discovery she needs.  [Id. at 11-12.]

In its memorandum in opposition, Defendant emphasizes that Plaintiff filed the instant Motion approximately nine months after the deadline to add parties and amend pleadings.  [Mem. in Opp. at 2.]  Thus, pursuant to Federal Rule of Civil Procedure 16(b), Plaintiff must establish that there is good cause to amend the scheduling order.  [Id. at 4.]  Defendant argues that there Plaintiff cannot establish good cause because she has not been diligent in pursuing this action and Defendant would be significantly prejudiced if the Court grants the Motion.  [Id. at 6.]  Defendant argues that Plaintiff's claims based on the new factual allegations are futile because the single magnet posting

---

[2] At the time Plaintiff filed the instant Motion, trial was set for June 26, 2007.  This Court has since reset the trial for November 14, 2007.

by an unknown harasser does not create an objectively hostile work environment. [Id. at 17-20.] Further, her claim that she was retaliated against because of her complaint about the magnet posting is futile because the posting was not harassment. [Id. at 20-21.] Finally, Defendant argues that Plaintiff's IIED claim based on the new allegations is futile because the actions complained of are not outrageous. [Id. at 22-24.]

In addition, Defendant pointed out that the Motion sought to add parties and claims that were either previously denied by the Court or withdrawn by Plaintiff's prior counsel after Defendant argued that they were frivolous and would subject Plaintiff and counsel to sanctions under Federal Rule of Civil Procedure 11. Defendant argues that this shows that Plaintiff brought the instant Motion in bad faith. Defendant urges the Court to impose sanctions under Rule 11 or Federal Rule of Civil Procedure 16. [Mem. in Opp. at 2-3.]

In her reply, Plaintiff argued that there is good cause to amend the scheduling order because she could not amend her complaint until after she obtained her right to sue letter from the EEOC on February 14, 2007. [Reply at 3.] Plaintiff also argues that the claims based on the new factual allegations are not futile because the new incidents are part of Defendant's pattern and practice of discrimination and retaliation. [Id. at 4-5.] Plaintiff also argues that Rule 11 sanctions would be

improper because Defendant did not comply with Rule 11's procedural requirements.  Further, Defendant cannot establish that Plaintiff filed the Motion for an improper purpose and that the proposed claims lack legal support.  [Id. at 6.]

Defendant seeks to strike Plaintiff's reply on the grounds that it was untimely and improperly raised a "good cause" argument that Plaintiff did not raise in the Motion to Amend.

## DISCUSSION

### I.  Motion to Strike

Defendant argues that Plaintiff's reply was untimely because the hearing on the Motion to Strike was set for April 9, 2007, and Local Rule 7.4 requires that "[a]ny reply in support of a motion set for hearing shall be served and filed by the moving party not less than eleven (11) days prior to the date of hearing."  Thus, Defendant argues that Plaintiff's reply was due on March 29, 2007.

At a March 27, 2007 status conference regarding discovery, this Court informed the parties that it would decide the Motion to Amend without a hearing.  Plaintiff's reply in support of the Motion to Amend was therefore due not more than eleven days after the service and filing of Defendant's memorandum in opposition.  See Local Rule LR7.4.  Defendant filed its memorandum in opposition on March 22, 2007.  Plaintiff's reply, filed March 30, 2007, was therefore timely.

Defendant also argues that this Court should strike the portion of the reply that addresses the good cause argument because the Local Rules require the Court to disregard arguments raised for the first time in a reply.  <u>See</u> Local Rule LR7.4 ("Any arguments raised for the first time in the reply shall be disregarded.").  The Motion to Amend only addressed whether amending the complaint was appropriate under Rule 15(a).  Defendant's memorandum in opposition argued that Plaintiff failed to satisfy the threshold requirement of good cause to amend the scheduling order pursuant to Rule 16(b).  Plaintiff's reply therefore addressed the good cause requirement, even though she did not raise that argument in the Motion to Amend.  This was a permissible response to Defendant's memorandum in opposition.  <u>See</u> Local Rule LR7.4 ("A reply must respond only to arguments raised in the opposition.").  Defendant's Motion to Strike is therefore DENIED.

**II.   Motion to Amend**

    **A.   Adding Glasgow to Existing Claims**

To the extent that Plaintiff seeks to add claims against Glasgow based on the factual allegations in the Second Amended Complaint, this Court has already denied Plaintiff leave to add him as a defendant on the ground that such claims are futile.  This Court therefore DENIES the Motion to Amend as to the addition of Glasgow as a defendant on the existing claims.

**B.   New Factual Allegations**

Plaintiff also seeks to expand her claims against Defendant and to add Glasgow as a defendant based on the magnet incident and the alleged retaliation against her for complaining about it.  Insofar as the deadline to add parties and amend pleadings was May 5, 2006, Plaintiff must obtain an amendment of the current scheduling order before she can amend her complaint.

**1.   Amending the Scheduling Order**

A scheduling order "shall not be modified except upon a showing of good cause and by leave of . . . a magistrate judge." Fed. R. Civ. P. 16(b).  The good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order; if the party seeking the modification was not diligent, the court should deny the motion.  See Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002).  "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"  Id. (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)). Prejudice to the non-moving party may serve as an additional reason to deny the motion, but the lack of prejudice to the non-moving party does not justify granting the motion if the moving party was not diligent.  See Johnson, 975 F.2d at 609.

The Proposed Third Amended Complaint deals with alleged acts of discrimination, harassment, and retaliation that occurred

during the pendency of this action.  Insofar as the events did not occur until after the expiration of the deadline to amend pleadings and Plaintiff did not obtain her right to sue letter until February 14, 2007, Plaintiff could not have met the pretrial schedule with regard to those claims.  This Court finds that Plaintiff has diligently pursued her administrative remedies with regard to the newly alleged incidents and timely sought to add them to her complaint in this action.  This Court therefore finds that there is good cause to amend the scheduling order.  Plaintiff, however, must also establish that amendment is appropriate under Federal Rule of Civil Procedure 15(a).  See Johnson, 975 F.2d at 608 (citing Forstmann v. Culp, 114 F.R.D. 83, 85 (M.D.N.C. 1987); Fin. Holding Corp. v. Garnac Grain Co., 127 F.R.D. 165, 166 (W.D. Mo. 1989)).

    **2.   Amending the Complaint**

Under Rule 15(a), leave to amend "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  The determination whether a party should be allowed to amend a pleading is left to the discretion of the court.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971) (citation omitted).  If the facts or circumstances a plaintiff relies upon may be the basis of relief, she should be afforded an opportunity to test her claim on the merits.  See Foman v. Davis, 371 U.S. 178, 182 (1962).  Furthermore, in exercising its

discretion to grant leave to amend, a court "'should be guided by the underlying purpose of Rule 15(a) . . . which was to facilitate decisions on the merits, rather than on technicalities or pleadings.'" In re Morris, 363 F.3d 891, 894 (9th Cir. 2004) (quoting James v. Pliler, 269 F.3d 1124, 1126 (9th Cir. 2001)) (alteration in original).

   Courts may consider factors such as: bad faith or dilatory motive on the movant's part; whether the amendment will cause undue delay; whether it will prejudice the opposing party; futility of the amendment; and whether the movant has already failed to cure deficiencies in prior amendments of her pleadings. See Foman, 371 U.S. at 182; Morris, 363 F.3d at 894 (citation omitted). Not all of these factors carry equal weight; prejudice to the opposing party is the most persuasive factor. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (citation omitted). The party opposing the motion for leave to amend bears the burden of establishing prejudice. See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987) (citing Beeck v. Aqua-slide 'N' Dive Corp., 562 F.2d 537, 540 (8th Cir. 1977)).

   The Court finds that allowing Plaintiff to amend her claims to include the new factual allegations would unduly delay the case and would prejudice Defendant. The instant case is nearing its completion and was set for trial in June until the

rescheduling of Plaintiff's deposition required the continuance of the trial date until November 2007.  To expand Plaintiff's claims to include the new incidents would require the reopening of almost all major pretrial deadlines.  For example, the parties currently have until May 28, 2007 to complete discovery, but only as to damages, and Defendant has until June 11, 2007 to refile its two previous motions for summary judgment, but neither party may file new or different dispositive motions.  Thus, the addition of the new factual allegations would significantly delay the case and would prejudice Defendant's interest in a speedy resolution of the instant action.

Further, even if the Court denies the Motion to Amend, Plaintiff has another avenue to test her claims on the merits because she may be able to bring the new allegations in a separate lawsuit.  Plaintiff contends that filing a new lawsuit would be less efficient because she would simply move to consolidate the two cases, but it is hardly a foregone conclusion that a court would grant consolidation.  This Court therefore finds that, under the circumstances of this case, justice requires that this Court DENY Plaintiff's Motion to Amend as to the new factual allegations.

### III. **Request for Sanctions**

In its memorandum in opposition to the Motion to Amend, Defendant requests sanctions pursuant to Rule 11 or Rule 16(f).

Plaintiff correctly points out that Defendant did not follow the procedure for a motion for Rule 11 sanctions.  A motion for Rule 11 sanctions

> shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b).  It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.

Fed. R. Civ. P. 11(c)(1)(A).  A court, however, may initiate Rule 11 proceedings on its own initiative by issuing an order to show cause why it appears that an attorney or party has violated Rule 11(b).[3]  See Fed. R. Civ. P. 11(c)(2)(B).

In the present case, Plaintiff abandoned almost all of the claims that Defendant argues were frivolous, previously

---

[3] Rule 11(b) states, in pertinent part:
> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>     (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; [and]
>     (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law[.]

Fed. R. Civ. P. 11(b)(1)-(2).

rejected by this Court, or previously presented and withdrawn by prior counsel.  Although Plaintiff still sought to add some claims that this Court previously ruled were futile, *i.e.* the claims against Glasgow based on the factual allegations in the Second Amended Complaint, the Court does not believe this warrants Rule 11 sanctions.  Neither does the Court believe the proposed addition of the new factual allegations warrants Rule 11 sanctions.  This Court therefore declines to initiate Rule 11 proceedings.

> Rule 16(f) provides, in pertinent part:
>
> If a party or party's attorney fails to obey a scheduling or pretrial order, . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D).  In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f).  Insofar as Plaintiff's Motion to Amend effectively sought an amendment of the scheduling order currently in force, this Court cannot find that Plaintiff failed to obey the scheduling order by filing the Motion to Amend.  Rule 16(f) sanctions are therefore unwarranted.  Defendant's request for sanctions is therefore DENIED.

**CONCLUSION**

On the basis of the foregoing, Plaintiff's Motion for Leave to file Third Amended Complaint, filed February 28, 2007, and Defendant's Motion to Strike Plaintiff Maria Rose Finazzo's Reply to Defendant's Memorandum in Opposition to Plaintiff's Motion for Leave to Amend Complaint, filed March 30, 2007, are HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, April 6, 2007.



    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**MARIA ROSE FINAZZO V. HAWAIIAN AIRLINES; CIVIL NO. 05-00524 JMS-LEK; ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT AND DENYING DEFENDANT'S MOTION TO STRIKE PLAINTIFF MARIA ROSE FINAZZO'S REPLY TO DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT FILED MARCH 30, 2007 [DOC. NO. 189]**