IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| MARIE ROSE FINAZZO, | ) | CIVIL NO. 05-00524 JMS-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HAWAIIAN AIRLINES, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## ORDER DENYING MOTION TO WITHDRAW AS COUNSEL

On April 5, 2007, counsel for Plaintiff Maria Rose Finazzo ("Plaintiff"), Brandee Faria, Esq., David Breskin, Esq., John Wallace, Esq., and their respective law firms (collectively "Counsel") filed a motion to withdraw ("Motion").[1] Defendant Hawaiian Airlines ("Defendant") filed a memorandum in opposition on April 13, 2007. Counsel filed a reply on April 17, 2007. The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion, supporting and opposing memoranda, and the relevant case law, Counsel's Motion is HEREBY DENIED WITHOUT PREJUDICE for the reasons set forth below.

---

[1] The document is entitled "Notice of Withdraw". The Court construes this as a motion to withdraw. The Court also notes that John Perkin, Esq., is also counsel of record for Plaintiff. Although he is not listed by name in the Motion, the Motion also applies to him insofar as he is a member of Ms. Faria's law firm.

## BACKGROUND

The parties and the Court are familiar with the factual and procedural background of this case.  The Court will therefore only address the events that are relevant to the instant Motion.

On August 15, 2005, Plaintiff, proceeding pro se, filed the instant employment discrimination action against Defendant. Plaintiff later retained counsel and filed her First Amended Complaint on December 2, 2005.[2]  Plaintiff filed her Second Amended Complaint on June 6, 2006.  The November 7, 2006 Amended Rule 16 Scheduling Order set trial for June 26, 2007.  The dispositive motions deadline was January 24, 2007 and the discovery deadline was April 27, 2007.

Defendant filed two motions for summary judgment on January 24, 2007.  On March 1, 2007, Plaintiff filed a memorandum in opposition, seeking a Federal Rule of Civil Procedure 56(f) continuance of the hearing on the motions for summary judgment and the deadline to file her response to the motions.  Plaintiff argued that Defendant refused to provide her with timely discovery.  In an order filed March 16, 2007, the district judge granted the continuance.  The district judge gave Plaintiff until March 28, 2007 to file any motions regarding outstanding discovery and gave the parties until May 28, 2007 to complete

---

[2] The attorneys who represented Plaintiff at that time have since withdrawn.

outstanding discovery.  The district judge deemed Defendant's motions for summary judgment withdrawn, but gave Defendant up to June 11, 2007 to refile them by either adopting the prior motions in whole or filing new motions incorporating any new evidence obtained in discovery.  Neither party, however, is allowed to file different dispositive motions.  The district judge also vacated the June 26, 2007 trial date and the associated pretrial deadlines.  On March 27, 2007, this Court set a new trial date of November 14, 2007 and a new discovery deadline of May 28, 2007, except as to discovery regarding the parties' damages experts.

Counsel filed the instant Motion on April 5, 2007. Counsel state that both they and Plaintiff wish to terminate their representation of her.  According to Counsel, the case has gone beyond the scope of their representation agreement.  The agreement between Plaintiff and Mr. Breskin specified that the representation was for the purpose of helping Plaintiff reach a settlement with Defendant.  Counsel state that, based on the current posture of the case, further attempts to settle the case would be futile.  In addition, Counsel desire to withdraw because Plaintiff has failed to follow some of their advice and has also failed to respond to some of their messages and requests for information.

Counsel argue that a client has the right to discharge her attorney with or without cause and that an attorney has the

right to withdraw for good cause.  Counsel argue that good cause exists because Plaintiff wishes to discharge them and retain new counsel with expertise in Federal Aviation Administration proceedings.  They argue that, insofar as the attorney-client relationship is consensual in nature, great weight should be accorded to either side's desire to terminate the relationship.  Counsel argue that Plaintiff would not suffer any material adverse effects because trial is not until November 14, 2007 and the discovery deadline is not until May 28, 2007.  Counsel state that Plaintiff is currently seeking to retain a new attorney.  On April 11, 2007, Plaintiff filed a notice of her consent to Counsel's withdrawal.

In its memorandum in opposition, Defendant argues that Counsel have not established good cause to withdraw because they have not established that there is a conflict of interest or an irreconcilable conflict between Plaintiff and Counsel that is so severe that it results in a complete lack of communication preventing adequate representation.  Although Counsel allege that Plaintiff has not followed some of their advice and has not responded to some of their inquiries, Counsel have not represented that they cannot resolve these issues with Plaintiff.  Defendant also argues that the purported representation agreement does not establish good cause to withdraw.  First, based on Counsel's representations in the Motion, only Mr. Breskin's

representation was limited to settlement negotiations.  Defendant also points out that Counsel continued to vigorously prosecute Plaintiff's claims after the failed mediation without mentioning their intent to withdraw due to the limited scope of their representation agreement.

Even assuming, *arguendo*, that good cause exists, Defendant argues that the Court should deny the Motion because Counsel's withdrawal would disrupt the case, severely prejudice Defendant, and harm the administration of justice.  Defendant stresses that the case has been pending for over one year and eight months and that significant pretrial deadlines are looming, including the discovery deadline and Defendant's deadline to refile its motions for summary judgment.  Defendant argues that Plaintiff has repeatedly delayed the progress of the case, causing Defendant to incur significant expense.  Defendant argues that the instant Motion is another such attempt.

Defendant also points out that, contrary to Counsel's claim, Plaintiff herself will likely be prejudiced by their withdrawal because she will incur significant expenses to retain a new attorney who must familiarize himself with the case.  Given Plaintiff's history of retaining and discharging attorneys in this case, new counsel may also require a significant retainer fee and/or require that Plaintiff pay on an hourly basis rather than a contingency fee basis.

Defendant argues that this Court should require Counsel to continue representing Plaintiff until substitute counsel appears. Defendant also asks the Court to warn Plaintiff that she is still obligated to proceed with discovery whether or not she is able to retain new counsel and, if she does not cooperate, she faces dismissal of her complaint.

Counsel filed their reply on April 17, 2007. They argue that they do not need to prove an irreconcilable conflict in order to withdraw. Counsel argue that the Motion establishes good cause for their withdrawal and that there is no evidence that Plaintiff is attempting to avoid proceeding with the case. Counsel state that Plaintiff is actively seeking new counsel and believes that she has found one. Counsel assert that their withdrawal will not delay the proceedings because the Court can control the deadlines in the case. Finally, Counsel argue that Defendant's claims of potential prejudice to it and Plaintiff are unfounded.

## **DISCUSSION**

Local Rule 86.3 provides that the court may permit an attorney to withdraw upon a motion establishing "good cause." Examples of good cause include when there is a conflict of interest or when there is an irreconcilable conflict between the attorney and the client which is so severe that it results in a complete lack of communication preventing adequate

representation.  See United States v. Cole, 988 F.2d 681, 683 (7th Cir. 1993).

In the present case, Counsel seek to withdraw because both Counsel and Plaintiff wish to end the representation and because Plaintiff has not followed some of Counsel's advice and has not responded to some of Counsel's requests.[3]  This Court finds that Plaintiff's failure to follow some of Counsel's advice and her failure to respond to some of their requests does not amount to a complete lack of communication which prevents adequate representation and does not constitute good cause to withdraw.  Counsel also argues that, because the attorney-client relationship is consensual, a client has a right to terminate the relationship, with or without cause.  This Court disagrees.

Insofar as this is a civil action, Plaintiff does not have a Sixth Amendment right to counsel.  See United States v. Sardone, 94 F.3d 1233, 1236 (9th Cir. 1996) (noting that "it is well-established that there is generally no constitutional right to counsel in civil cases" (citations omitted)).  Further, even

---

[3] Counsel also argue that they have good cause to withdraw because the litigation has gone beyond the scope of their representation agreement.  First, it is unclear whether this argument applies only to Mr. Breskin and his law firm or to all Counsel.  Further, Counsel have continued to actively represent Plaintiff after the mediation and settlement conferences in this case failed to achieve a settlement.  It could be argued that Counsel's actions modified their agreement.  This Court need not resolve these issues because, even if the scope of the representation agreement constitutes good cause, other factors in this case take precedence.  See infra.

in a criminal case, the defendant's right to choose her counsel is not unlimited. See United States v. Vargas-Martinez, 569 F.2d 1102, 1104 (9th Cir. 1978) ("While a defendant's choice of counsel should not be subject to unnecessary interference, this right is not unlimited." (citation omitted)); United States v. Shuey, 541 F.2d 845, 847 (9th Cir. 1976) ("the right to choose one's own attorney is not unlimited and . . . if the attempted exercise of a choice is deemed dilatory or otherwise subversive of orderly criminal process, the trial court may compel a defendant to proceed with designated counsel"). This Court therefore finds that Plaintiff's desire to terminate Counsel's representation does not, in and of itself, constitute good cause for Counsel's withdrawal.

Even assuming, *arguendo*, that Counsel established good cause to withdraw, other factors may take precedence. See In re Tutu Wells Contamination Litig., 164 F.R.D. 41, 44 (D.V.I. 1995). For example, this Court may consider: the extent to which withdrawal will disrupt the case; how long the case has been pending; the financial burden the client will face in finding new counsel; see Byrd v. Dist. of Columbia, 271 F. Supp. 2d 174, 176 (D.D.C. 2003); prejudice to other parties; and whether withdrawal will harm the administration of justice; see United States ex rel. Cherry Hill Convalescent Ctr., Inc. v. Healthcare Rehab Sys., Inc., 994 F. Supp. 244, 252-53 (D.N.J. 1997).

In the present case, while trial is not set until November 14, 2007, Defendant must refile its two summary judgment motions by June 11, 2007.  Plaintiff has only until May 28, 2007 to conduct the discovery necessary to oppose Defendant's motions for summary judgment and the hearing on Plaintiff's discovery motions is set for May 10, 2007.  Thus, although Plaintiff believes she has located a new attorney, Counsel's withdrawal at this point would prejudice Plaintiff's ability to complete discovery because new counsel would have to familiarize himself or herself with the case.  If Plaintiff is not immediately successful in retaining new counsel, she would be prejudiced by having to proceed with discovery pro se.  If this Court extended the discovery deadline because of Counsel's withdrawal, it would also require continuing the trial.  The instant case has been pending since August 15, 2005 and there have already been numerous delays in this case, many of which have been caused by Plaintiff herself, such as her repeated failure to appear for her noticed deposition.  This Court therefore finds that continuing the trial because of Counsel's withdrawal would unduly delay the case and disrupt the administration of justice.  It would also prejudice Defendant's right to a timely resolution of this matter.

The Court therefore finds that, even assuming, *arguendo*, that Counsel have established good cause to withdraw,

other factors take precedence and withdrawal is not appropriate at this time.  If Plaintiff has found new counsel to take the case, when that person is ready to appear and can give the Court more information about how much time he or she will need to become familiar with the case, this Court can address the withdrawal and substitution at that time.

## CONCLUSION

On the basis of the foregoing, Counsel's motion to withdraw, filed April 5, 2007, is HEREBY DENIED WITHOUT PREJUDICE to the filing a motion for the withdrawal and substitution of counsel for Plaintiff, which should include a declaration by new counsel as to his or her readiness to represent Plaintiff.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, April 20, 2007.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**MARIA ROSE FINAZZO V. HAWAIIAN AIRLINES; CV. NO. 05-00524 JMS-LEK; ORDER DENYING MOTION TO WITHDRAW AS COUNSEL**