IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| MARIE ROSE FINAZZO, | ) | CIVIL NO. 05-00524 JMS-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HAWAIIAN AIRLINES, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING MOTION FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS

On March 28, 2007, Plaintiff Maria Rose Finazzo ("Plaintiff") submitted a discovery letter brief to the Court. Because the letter brief far exceeded the five page limit for letter briefs under the Local Rules of Practice of the United States District Court for the District of Hawai'i ("Local Rules"), the Court entered an EO on March 30, 2007, construing the letter brief as Plaintiff's Motion for an Order Granting Her Leave to Conduct More than Ten Depositions ("Motion").  Defendant Hawaiian Airlines ("Defendant") filed a memorandum in opposition on April 12, 2007.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules.  After careful consideration of the Motion, supporting and opposing memoranda, and the relevant case law, Plaintiff's Motion is HEREBY DENIED for the reasons set forth below.

**BACKGROUND**

The parties and the Court are familiar with the factual and procedural background of this case. The Court will therefore only address the events that are relevant to the instant Motion. Plaintiff Maria Rose Finazzo ("Plaintiff") is employed by Defendant Hawaiian Airlines ("Defendant") as a pilot. The instant case arises from Defendant's alleged sexual harassment, retaliation, discrimination, and hostile work environment. On June 5, 2006, this Court granted Plaintiff leave to amend her complaint to include state law claims, including an intentional claim for intentional infliction of emotional distress.

In her Motion, Plaintiff seeks to conduct depositions of fifteen[1] of Defendant's trial witnesses and individuals who submitted declarations for Defendant's motions for summary judgment. Plaintiff's counsel emailed defense counsel on January 29, 2007 to inform them that she would need to conduct more than 10 depositions. Plaintiff claims that defense counsel will not stipulate to the additional depositions. She argues that for the following reasons, there exists good cause to take the depositions.

---

[1] The individuals are: Brad O'Handley, Wayne Blakenship, Thomas Hada, Dave Kolakowski, Scott Banning, Craig Kahauolopua, Peter Fata, Peter Anderson, Janette N. Freeman, Captain David Sneed, Captain Bill Seavy, Tom Storehaug, Scott Menson, Jay Mclaren, Zoe Ann Roach.

First, Plaintiff's many claims involve numerous individuals which necessitate the greater number of depositions. Second, the witnesses are not cumulative because they will likely have knowledge of different facts. Third, to prevail on a disparate treatment claim, Plaintiff must offer broad evidence showing that gender preference is Defendant's standard operating procedure. Fourth, this case is of great public importance, as it involves the cessation of gender discrimination. Fifth, Plaintiff will suffer prejudice if not allowed to depose the additional individuals because they are necessary to support her claims and rebut Defendant's defenses. Plaintiff additionally argues that she should not have to face these trial witnesses or declarants without having had the opportunity to depose them. Sixth, these depositions will not create delay because no trial date is set and the discovery cut-off is not for two more months.[2] Plaintiff believes that she must depose these individuals in order to prosecute her claims.

Defendant opposes Plaintiff's Motion and seeks to strike the Motion in its entirety because it fails to comply with Rules LR37.1, LR7.1, LR7.5 and LR7.6. Specifically, Defendant argues that the Court should strike the Motion as a sanction for Plaintiff's violation of the simultaneous briefing procedures set

---

[2] Pursuant to the Amended Rule 16 Scheduling Order issued on April 2, 2007, trial is set for November 14, 2007 and the discovery cut-off date is May 28, 2007.

forth in Rule LR37.1.  Defendant also asserts that Plaintiff did not certify compliance with Rule LR37.1's requirement that a party made a "good faith effort to limit the disputed issues and, if possible, eliminate the necessity for a motion" nor could she based on her counsel's behavior during a March 23, 2007 teleconference.  Alternatively, Defendant urges the Court to bar Plaintiff from any relief under the Motion as a consequence of her failure to file a motion regarding outstanding discovery in compliance with Rules LR7.1, LR7.5 and LR7.6 by the March 28, 2007 deadline set forth in the Federal Rule of Civil Procedure ("FRCP") 56(f) Order.

In its Opposition, Defendant argues that Plaintiff's Motion must be denied because she has not exhausted her ten-deposition limit nor has she made a particularized showing of why the discovery is needed.  Defendant explains that since January, the parties have exchanged correspondence regarding the scheduling of depositions – five were scheduled at Plaintiff's request, but only two have been taken.  Plaintiff cancelled two depositions pending the outcome of her Motion to Amend Complaint, which the Court denied on April 6, 2007.  Defendant claims that it would make up to five witnesses immediately available in order for Plaintiff to reach her ten deposition limit and also consider additional depositions if Plaintiff would provide a rationale for doing so.  According to Defendant, Plaintiff has yet to provide a

4

reason for deposing more than ten individuals besides her perceived entitlement to depose individuals who may testify at trial.

Defendant notes that eight of the fifteen witnesses Plaintiff seeks to depose were disclosed by Plaintiff herself in her Initial Disclosures filed on January 12, 2006.  Defendant disclosed the identity of fourteen of the fifteen witnesses on June 16, 2006, and the fifteenth on January 24, 2007.

Defendant urges the Court to deny Plaintiff's Motion because she has only taken two depositions to date and thus does not satisfy the requirements of FRCP 30(a)(2)(A) that she first exhaust the ten-deposition allotment and make a particularized showing.  Defendant asserts that by Plaintiff's own admission, the proposed discovery is cumulative and duplicative (Plaintiff seeks to depose a number of the witnesses for their same knowledge) and she has not exhausted other less expensive/burdensome means of obtaining the same information she seeks through deposition (she has access to non-management employees who are her co-workers).

Lastly, Defendant attacks Plaintiff's bases for good cause.  Defendant argues that 1) Plaintiff has not provided justification for requiring depositions in excess of ten; 2) the depositions sought are cumulative and duplicative; 3) expounding the legal standard she has to meet does not provide grounds for

exceeding the deposition allotment; 4) Plaintiff's assertion that this case is of great public importance suggests that all gender discrimination cases should be excepted from the ten-deposition limit; 5) Plaintiff has not substantiated the need for additional depositions; and 6) the taking of additional depositions would cause delay because the discovery deadline is May 28, 2007.

## **DISCUSSION**

Defendant correctly points to Plaintiff's failure to comply with various local rules in seeking additional depositions.  Of particular concern is Defendant's assertion that Plaintiff did not certify compliance with Rule LR37.1.  The discovery disputes and various entanglements among the parties have been numerous.  While there may be a basis for striking the instant motion for non-compliance with the Local Rules, the Court turns to the merits of the Motion in light of the approaching trial-related deadlines.

Rule 30(a)(2) provides that a party seeking to take more than ten depositions must first obtain leave of the court, "which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2)." Fed. R. Civ. P. 30(a)(2); see also Fed. R. Civ. P. 30(a)(2)(A).  Rule 26(b)(2) permits a court to limit discovery if the court finds that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party

>          seeking discovery has had ample opportunity by
>          discovery in the action to obtain the information
>          sought; or (iii) the burden or expense of the
>          proposed discovery outweighs its likely benefit,
>          taking into account the needs of the case, the
>          amount in controversy, the parties' resources, the
>          importance of the issues at stake in the
>          litigation, and the importance of the proposed
>          discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2).

Parties seeking to exceed the ten deposition limit "must make a particularized showing of why the discovery is necessary." Lloyd v. Valley Forge Life Ins. Co., No. C06-5324 FDB, 2007 WL 906150, at *2 (W.D. Wash. Mar. 23, 2007) (citing Bell v. Fowler, 99 F.3d 262, 271 (8th Cir. 1996); Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minn., 187 F.R.D. 578, 586 (D. Minn. 1999)).  Courts generally do not grant leave to take additional depositions until the moving party has exhausted the ten depositions permitted as of right under Rule 30(a)(2)(A). Id. "Moreover, Rule 30(a)(2)(A) clearly contemplates that a party has already taken ten depositions before a motion is filed seeking leave of court for a proposed deposition that would result in more than ten depositions being taken under this rule." Id. (citation omitted).  It is also necessary that the moving party have exhausted less expensive and burdensome means of discovery before resorting to a request for relief.  Id.

In the instant case, Plaintiff has not yet exhausted the ten depositions permitted as of right.  Seeking leave of

<s>H</s>

court to take additional depositions at this point is thus inappropriate. Even assuming, *arguendo*, that Plaintiff had exhausted the deposition limit, she has not made a particularized showing why the discovery is necessary. Plaintiff relies on a number of very generalized bases in support of her Motion, none of which warrant exceeding the ten deposition limit. Just because her claims involve numerous individuals and she must purportedly offer broad evidence to establish her claims does not entitle her to take additional depositions. Likewise, her assertion that she should not have to face trial witnesses and declarants without having first deposed them does not amount to a particularized showing as contemplated by the FRCP. Furthermore, despite Plaintiff's argument to the contrary, additional depositions would cause delay, given the discovery cut-off date of May 28, 2007.

After reviewing Plaintiff's list of proposed deponents, it is apparent that the depositions sought are cumulative and duplicative. Plaintiff seeks to depose several of the individuals listed for the same or similar information. Moreover, Plaintiff has not presented any evidence demonstrating that she exhausted less expensive and burdensome means of discovery before resorting to a request for relief from the

Court.³  Based on Plaintiff's failure to 1) exhaust the ten deposition limit and 2) articulate a particularized showing for requesting additional depositions, as required by the FRCP, the Court cannot grant her leave to take additional depositions.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for an Order Granting Plaintiff Leave to Conduct More than Ten Depositions, construed as a Motion by the Court on March 30, 2007, is HEREBY DENIED.

IT IS SO ORDERED.

DATE AT HONOLULU, HAWAI`I, May 10, 2007.



  /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**MARIA ROSE FINAZZO V. HAWAIIAN AIRLINES; CIVIL NO. 05-00524 JMS-LEK; ORDER DENYING MOTION FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS**

---

³ Defendant claims that Plaintiff has access to many of the individuals she seeks to depose, as they are her co-workers.