IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| MARIE ROSE FINAZZO, | ) | CIVIL NO. 05-00524 JMS-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HAWAIIAN AIRLINES, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT'S MOTION FOR RULE 37 SANCTIONS AGAINST PLAINTIFF AND/OR HER COUNSEL AND DENY PLAINTIFF'S CROSS-MOTION FOR CONTINUANCE**

Before the Court is the Motion for Rule 37 Sanctions Against Plaintiff and/or Her Counsel ("Motion"), filed by Defendant Hawaiian Airlines ("Defendant") on April 27, 2007. Judge Seabright referred the Motion to this Court on April 30, 2007. On May 18, 2007, Plaintiff Maria Rose Finazzo ("Plaintiff") filed both an Opposition to Defendant's Motion and a Cross-Motion for a Continuance. Defendant filed its Reply on May 25, 2007. Pursuant to the Local Rules for the District of Hawai'i ("Local Rules") LR7.2(d), the Court finds this matter suitable for disposition without a hearing. Upon careful consideration of the Motions, and supporting and opposing memoranda, the Court HEREBY FINDS and RECOMMENDS that Defendant Hawaiian Airlines' Motion be GRANTED IN PART and DENIED IN PART and that Plaintiff Maria Finazzo's Cross-Motion be DENIED.

## BACKGROUND

As the parties are familiar with the background of this case, the Court will only discuss the facts relevant to the instant Motion. Plaintiff is employed by Defendant as a pilot. The instant case arises from Defendant's alleged sexual harassment, retaliation, discrimination, and hostile work environment. On June 5, 2006, this Court granted Plaintiff leave to amend her complaint to include state law claims, including a claim for intentional infliction of emotional distress.

This case has a long history of discovery disputes and conflict. By way of its March 28, 2007 Order, this Court compelled Plaintiff to appear for her deposition at the offices of Marr Hipp Jones & Wang on April 10, 2007. The Order provided that Plaintiff's failure to appear could result in the imposition of sanctions, including, but not limited to, dismissal of her claims in whole or in part, and a requirement that she pay Defendant's attorneys fees and costs associated with the depositions and any necessary motions to compel her appearance. Three business days prior to the scheduled deposition, Plaintiff filed a Motion for Protective Order seeking to stay her deposition while she sought new counsel. [Mem. in Supp. of Mot. at 2-3.] On April 9, 2007, the Court denied Plaintiff's Motion for Protective Order and again ordered Plaintiff to appear at her April 10, 2007 deposition. [Id. at 3.] The Court instructed

Ms. Toyofuku to prepare the order. According to Defendant, Plaintiff's counsel, Ms. Faria, refused to sign the proposed order, which contained language reminding Plaintiff 1) to appear for her deposition and 2) of the consequences of failing to appear. The Court signed the Order submitted by Defendant. [Id.] Defendant now submits that Ms. Faria's conduct constitutes grounds for sanctions under Local Rules LR11.1. [Id. at n.2.] Plaintiff did not appear for her deposition on April 10, 2007.

Defendant now moves for Rule 37 Sanctions against Plaintiff and/or her Counsel based on Plaintiff's failure to appear for her deposition. Citing Plaintiff's failure to appear for her deposition, which the Court twice-ordered, Defendant requests dismissal of the instant lawsuit. [Id. at 7.] Defendant argues that Plaintiff has defied the Court without justification for her dilatory conduct. Defendant asserts that neither the filing of a motion for protective order nor Plaintiff's claim of searching for new counsel excuses her behavior. [Id. at 7-8.]

In consideration of the five factors that the district court must weight in deciding whether a sanction of dismissal or default for noncompliance with discovery is appropriate, Defendant claims it has been prejudiced by Plaintiff's failure to appear. Specifically, Defendant argues that Plaintiff has prevented it from obtaining relevant information and has

therefore hindered Defendant in its defense.  [Id. at 10.] Defendant secondly argues that it has incurred expenses in repeatedly preparing for depositions that never occurred. Thirdly, Defendant explains that its expert, Dr. Byron Eliashof, has been unable to conclude his expert report, which has a May 22, 2007 deadline.  Defendant expects to be forced to move the Court for an amendment of this deadline based on Plaintiff's unwillingness to stipulate to the extension of deadlines.  [Id. at 11.]

Defendant emphasizes that this Court has already imposed lesser sanctions – two additional hours of deposition time.  Defendant proffers that lesser sanctions are not appropriate in this instance, however, because of Plaintiff's disregard for the Court's orders and her history of defiance and disrespect.  [Id. at 12–14.]  In the event the Court desires to employ lesser sanctions, Defendant requests an order excluding all of Plaintiff's evidence as to damages, with a corresponding order to strike all claims for damages (namely, a dismissal of Count III – IIED, and any claims for damages asserted in the Second Amended Complaint).  [Id. at 14 and n.10.]

Defendant lastly seeks the imposition of monetary sanctions for Plaintiff's failure to comply with a court order. [Id. at 14.]  According to Defendant, such sanctions are mandatory unless Plaintiff can prove that her actions were

4

substantially justified, which it claims she cannot. [Id. at 14-15.]

Plaintiff filed both an Opposition to Defendant's Motion ("Opposition") and a Cross-Motion for a Continuance ("Cross-Motion"). Responding to Defendant's request for Rule 11 sanctions against Ms. Faria, Plaintiff argues that Defendant has not made a sufficient showing that sanctions are proper. [Opp'n at 2.] Furthermore, Defendant should have filed a separate motion to request the Rule 11 sanctions. [Id. at 2.]

Plaintiff also counters Defendant's request for dismissal, arguing that dismissal may only be ordered in extreme circumstances. Plaintiff notes that any prejudice suffered by her failure to appear at her deposition is slight, as Defendant has already deposed her four times for a total of almost 18 hours. [Id. at 3.] Moreover, Plaintiff asserts that Defendant has failed to set forth any facts to support its contention that it incurred additional expenses as a result of Plaintiff's failure to appear. [Id. at 4.]

As an alternative to Defendant's request for dismissal, Plaintiff suggests that the Court could prohibit Plaintiff from admitting evidence of damages suffered since July 17, 2006, the date of her last deposition. [Id. at 4-5.] Plaintiff explains that this sanction, if any, would be most appropriate in light of the fact that the scope of her April 10 deposition was limited to

damages.  [Id. at 5.]

  Plaintiff likewise opposes Defendant's request for monetary sanctions, arguing that such sanctions would be unjust.  [Id.]  She explains that she was confused about whether her motion for protective order would be granted, the effect of which would stay her deposition, and whether she was still represented by counsel, in light of their motion to withdraw.  [Id.]  As an additional basis for denying Defendant's request for sanctions, Plaintiff notes that she did not learn about the denial of her motion for protective order until April 9, 2007.  At that point, her father was in town and she was responsible for taking him to a medical clinic for oral surgery.  [Id.]  Plaintiff's counsel urges that it would be unjust to impose sanctions on them, as they notified Plaintiff that her motion was denied.  [Id.]

  In moving for a six month continuance, Plaintiff asserts that her FAA action, which she expects to be resolved in six months, interferes with the instant action.  Additionally, she believes that the continuance will allow her to retain new counsel.  [Id.]

  Defendant, in its Reply, argues that Plaintiff did not submit admissible evidence to support her failure to appear at her deposition because her Declaration, bearing only an e-signature, amounts to inadmissible hearsay.  Even if the Declaration was admissible, it did not contain the facts extended

6

in the Opposition to explain her failure to appear. Additionally, even assuming Plaintiff submitted a signed Declaration with these facts, Defendant asserts that Plaintiff acknowledges that she knew the Court denied her Motion for Protective Order and that her counsel would continue to represent her. Defendant therefore maintains that the Court should impose sanctions, especially because Plaintiff does not cite facts or law to suggest that sanctions would be inappropriate under the circumstances of this case.

In response to Plaintiff's argument that the request for sanctions against her counsel should be a "stand-alone motion," Defendant cites Local Rule LR11.1, which permits the Court to order sanctions sua sponte for failure to comply with the Local Rules. According to Defendant, Plaintiff's counsel violated Local Rules LR16.1 and LR58.2 by refusing to sign the proposed order and filing an objection to the proposed order, respectively.

Finally, Defendant argues that Plaintiff's Cross-Motion is inappropriate and is merely an attempt to resubmit her counsel's motion to withdraw, which this Court denied. The district court affirmed this Court's Order Denying Plaintiff's Counsel's Motion to Withdraw. Defendant emphasizes that delays resulting from the substitution of counsel would prejudice Defendant and the Court. Defendant requests that the Court grant

the Motion in its entirety. Alternatively, Defendant requests a date for further deposition of Plaintiff along with an extension of time for Defendant to produce its expert report.

## DISCUSSION

### I. Motion for Sanctions

Federal Rule of Civil Procedure 37 states, in pertinent part:

> If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party <u>fails to obey an order to provide or permit discovery</u>, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
> (C) <u>An order striking out pleadings or parts thereof</u>, or staying further proceedings until the order is obeyed, <u>or dismissing the action or proceeding or any part thereof</u>, or rendering a judgment by default against the disobedient party[.]

Fed. R. Civ. P. 37(b)(2) (emphases added); <u>see</u> <u>also</u> <u>id.</u> 37(d) (same except relating to failure to appear for deposition). This section allows courts to impose sanctions for failure to comply with the court's discovery orders. <u>See</u> Fed. R. Civ. P. 37(b)(2)

advisory committee's note (1970 Amendment).  Courts can apply Rule 37(b)(2) to enforce oral orders as well as minute orders. See Yourish v. Cal. Amplifier, 191 F.3d 983, 987 (9th Cir. 1999) (discussing Henry v. Sneiders, 490 F.2d 315 (9th Cir. 1974)). "Rule 37(b)(2) contains two standards--one general and one specific--that limit a district court's discretion.  First, any sanction must be 'just'; second, the sanction must be specifically related to the particular 'claim' which was at issue in the order to provide discovery." Ins. Corp. of Ireland, Ltd., v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 707 (1982).

Defendant requests that the Court dismiss the instant action or alternatively, to dismiss Plaintiff's IIED claim and claims for damages asserted in the Second Amended Complaint.  The most drastic sanctions, i.e. dismissal, default, issue preclusion tantamount to dismissal, may not be imposed as "mere penalties," but the court may consider the deterrent effect of the sanction in the instant case and in other cases, as long as the party against whom sanctions are sought is in some way at fault.  See United States v. Sumitomo Marine & Fire Ins. Co., 617 F.2d 1365, 1369 (9th Cir. 1980) (quoting Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1066 (2d Cir. 1979)).  A court's use of sanctions must be tempered by due process.  See id.  Thus, the harshest sanctions are inappropriate if the failure to comply was due to a party's inability to comply

or to circumstances beyond the party's control.  See id.

Courts have wide discretion to impose appropriate sanctions under Rule 37, see id., but the court's discretion to impose terminating sanctions is more narrow.  In order to warrant terminating sanctions, the party's conduct must have been "'due to willfulness, fault, or bad faith.'"  See Computer Task Group, Inc. v. Brotby, 364 F.3d 1112, 1115 (9th Cir. 2004) (quoting Payne v. Exxon Corp., 121 F.3d 503, 507 (9th Cir. 1997)) (citation and some internal quotation marks omitted).  In deciding whether to order terminating sanctions, the court must consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [defendant]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  Id. (citations and internal quotation marks omitted) (alteration in original).  Where the party to be sanctioned violated a court order, the first and second factors weigh in favor of terminating sanctions.  See id.

On appeal, when the Ninth Circuit analyzes whether the district court properly considered the fifth factor, the Ninth Circuit will consider whether the district court "(1) explicitly discussed the alternative of lesser sanctions and explained why it would be inappropriate; (2) implemented lesser sanctions

10

before ordering the case dismissed; and (3) warned the offending party of the possibility of dismissal." Id. at 1116 (citing Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 352 (9th Cir. 1995)).  A district court may reject lesser sanctions where it "anticipates continued deceptive misconduct." See id. at 1117 (citation and quotation marks omitted).

In this case, Plaintiff has repeatedly defied Court orders by refusing to appear for her deposition.  Plaintiff not only disregarded the Court's March 28, 2007 Order, but also the April 9, 2007 Order, both of which ordered her to appear for deposition on April 10, 2007.  The Court cautioned Plaintiff in the orders that her failure to comply could result in the imposition of sanctions, including but not limited to dismissal of her claims.  Plaintiff's repeated violations of this Court's orders therefore weigh in favor of issuing terminating sanctions, as her actions have caused unnecessary delay.  Indeed, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish, 191 F.3d at 990).  Moreover, "[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants such as [Plaintiff]." Id. (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992)).  The first two factors accordingly weigh in favor of dismissal.

The Court next considers the prejudice to Defendant. "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Id. (citing Malone v. United States Postal Serv., 833 F.2d 128, 131 (9th Cir. 1987)). Delay alone is not sufficient prejudice. Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990) (citing United States ex rel. Wiltec Guam, Inc. v. Kahaluu Constr. Co., 857 F.2d 600, 604 (9th Cir. 1988)). Here, Plaintiff has forced Defendant to incur considerable expense and time by violating the Court's orders and failing to appear for her deposition. Defendant has also been prejudiced in that its expert cannot prepare his expert report as required by the Federal Rules of Civil Procedure due to Plaintiff's refusal to submit to the completion of her deposition. The Court finds that because Plaintiff's actions amount to interference with the rightful decision of the case, Defendant has established prejudice. See, e.g., id. (finding prejudice where the plaintiff repeatedly failed to appear at scheduled dispositions and refused to comply with court-ordered production of documents because these actions constituted an interference with the rightful decision of the case).

The Court acknowledges that the policy favoring disposition of the case on their merits weighs against dismissal.

See Pagtalunan, 291 F.3d at 643 (citing Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998)) ("Public policy favors disposition of cases on the merits."). However, Plaintiff has repeatedly disregarded orders and rules. It is apparent, based on the lengthy history of this case, that Plaintiff's excuses for failing to appear for her deposition are disingenuous. Although the Court would never make light of family emergencies or situations of the like, Plaintiff has used this excuse time and time again as a justification for rescheduling her deposition or for failing to appear for the same.[1] In this instance, Plaintiff also claims that she was confused about whether her motion for protective order would be granted, the effect of which would stay her deposition, and whether she was still represented by counsel, in light of their motion to withdraw. She has also admitted, however, that she knew about the denial of her motion for protective order on April 9, 2007. Plaintiff's conduct is therefore willful and in bad faith. The Court finds that any alleged confusion, even when combined with her claim that she took her father to a medical clinic for oral surgery, does not excuse her failure to appear for deposition. Plaintiff knew about the deposition date and should have planned accordingly

---

[1] Plaintiff used this excuse 1) to reschedule a February 14, 2007 deposition; 2) for failing to appear for the March 1, 2007 deposition; and 3) for failing to appear for the twice-ordered April 10, 2007 deposition.

13

notwithstanding the pending motions.

Despite Plaintiff's violations of this Court's orders, dismissal of the entire case is not appropriate where less drastic sanctions are available.  Less drastic sanctions, such as dismissal of some of Plaintiff's claims, are available here.[2]  In particular, the Court finds that dismissal of Plaintiff's IIED and general damages claims is justified.  The April 10, 2007 deposition was supposed to involve questioning regarding these claims.  Moreover, Dr. Eliashof was supposed to prepare his report based, at least in part, on his review of her deposition testimony.  The dismissal of these claims is thus specifically related to the discovery at issue.  As it has on numerous occasions in the past, the Court cautions Plaintiff that non-compliance with Court orders and rules are not taken lightly and that serious consequences can result, including dismissal of her case.  Based on the foregoing, the Court recommends that the district court DENY Defendant's request for dismissal of the entire case but GRANT Defendant's alternate request for lesser sanctions by dismissing Plaintiff's IIED and general damages claims.

---

[2] The Court previously sanctioned Plaintiff due to her failure to appear for her deposition by extending the duration of the deposition by two hours. Additionally, the Court warned Plaintiff on multiple occasions that failure to appear could result in the imposition of sanctions, including but not limited to, dismissal.

Defendant further moves for attorneys' fees and costs associated with this Motion. In lieu of, or in addition to, any of the sanctions listed in Rule 37(b)(2),

> the court shall require the party failing to obey the order [or failing to act] or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2), (d). Per the Court's foregoing discussion, Plaintiff's violation of the Court's orders and failure to appear for her deposition were not substantially justified. Attorneys' fees and costs are therefore appropriate. The Court recommends that the district court award Defendant its reasonably incurred attorneys' fees and costs associated with filing the instant Motion as well as the court reporting fees associated with the scheduled depositions that did not take place because of Plaintiff's failure to appear.

## II.  **Motion to Continue**

Plaintiff seeks a six month continuance on two grounds: 1) her FAA action, which she expects to be resolved in six months, interferes with the instant action and 2) she believes that the continuance will allow her to retain new counsel. A court has broad discretion in ruling upon motions to continue. See Danjaq LLC v. Sony Corp., 263 F.3d 942, 961 (9th Cir. 2001) ("A district court's decision regarding a continuance is given

15

great deference . . . ."). On appeal, the Ninth Circuit considers the following factors in reviewing a denial of a motion to continue: 1) the moving party's diligence in preparing for the original deadline; 2) the likelihood that the need for the continuance would have been met if the court had granted the motion; 3) the inconvenience the continuance would have caused the court and the opposing party, including its witnesses; and 4) the prejudice the moving party suffered because the continuance was denied. See United States v. Flynt, 756 F.2d 1352, 1358-59 (9th Cir.), amended by, 764 F.2d 675 (9th Cir. 1985).

The first factor weighs heavily in favor of denying the Cross-Motion. The Court has repeatedly been forced to address Plaintiff's failure to comply with deadlines. Clearly, Plaintiff has not been diligent in preparing for the current trial deadline. She is in fact responsible for causing much of the delay in this case.

The second factor similarly weighs in favor of denying the Cross-Motion. Without further explanation, Plaintiff claims that she expects her FAA action, which allegedly conflicts with the instant action, to be resolved in six months. Plaintiff has not provided the Court with adequate information to factor the FAA action into its analysis. Any issues regarding the effect that a concurrent FAA action would have on the instant action are therefore not properly before this Court.

Plaintiff also contends that a six month continuance would allow her to obtain new counsel.[3] For the same reasons articulated in its Order Denying Plaintiff's Counsel's Motion to Withdraw, the Court finds that Plaintiff's desire to obtain new counsel does not warrant a continuance, much less a six month continuance. The trial is set for November 14, 2007 and many of the significant pretrial deadlines have passed. To allow Plaintiff to drag out this case any longer would disrupt the administration of justice.

The third factor weighs in favor of denying the Cross-Motion. The instant case has been pending in federal court since August 17, 2005. Further delay in this action is against the public interest:

> As the first of the Federal Rules of Civil Procedure reflects, the public has an overriding interest in securing "the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1. Orderly and expeditious resolution of disputes is of great importance to the rule of law. By the same token, delay in reaching the merits, whether by way of settlement or adjudication, is costly in money, memory, manageability, and confidence in the process. We defer to the district court's judgment about when delay becomes unreasonable "because it is in the best position to determine what period of delay can be endured before its docket becomes unmanageable." Moneymaker v. CoBen (In re Eisen), 31 F.3d 1447, 1451 (9th Cir.1994).

In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d

---

[3] Two attorneys already withdrew from the case since it commenced in 2005.

17

1217, 1227 (9th Cir. 2006). Defendant has the right to the timely resolution of the claims against it and, as more time lapses, it will become increasingly difficult for Defendant to secure witnesses to defend its case. If the Court grants Plaintiff's request for a continuance, Defendant will be prejudiced. The Court moreover considers docket constraints, as it has discretion to control the court docket. See Murray v. Laborers Union Local No. 324, 55 F.3d 1445, 1452 (9th Cir. 1995) ("District court judges must have ample discretion to control their dockets.").

Finally, any prejudice that Plaintiff would suffer is slight. She has caused much of the delay in this case. In addition, it appears that conflicts with her counsel are due, at least in part, to her disregard for their advice. There is no telling whether Plaintiff would actually retain new counsel in the six months or whether she would be satisfied with their representation such that this case could proceed. Based on Plaintiff's conduct throughout the course of this litigation, this is likely a dilatory tactic to further delay a case that must remain on track. A consideration of the factors therefore weighs in favor of denying Plaintiff's request for a six month continuance. Accordingly, the Court recommends that the district court DENY Plaintiff's Cross-Motion.

## **CONCLUSION**

Based on the foregoing, this Court FINDS and RECOMMENDS that Defendant Hawaiian Airlines' Motion for Rule 37 Sanctions Against Plaintiff and/or Her Counsel, filed on April 27, 2007, be GRANTED IN PART and DENIED IN PART and Plaintiff Maria Finazzo's Cross-Motion for a Continuance, filed on May 18, 2007, be DENIED. This Court recommends that the district court:

1) DENY Defendant's request for dismissal of the action;

2) GRANT Defendant's request for lesser sanctions and dismiss Plaintiff's IIED and general damages claims;

3) GRANT Defendant's request for reasonably incurred attorneys' fees and costs associated with the filing of the instant Motion and the court reporting fees associated with the April 10, 2007 deposition, with Defendant to submit documentation of the fees and costs incurred by June 29, 2007, and Plaintiff to file any memorandum contesting the amount of the award by July 6, 2007;

4) DENY Defendant's Motion in all other respects; and

5) DENY Plaintiff's request to continue the case for six months.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAI`I, June 6, 2007.



    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**ROSE MARIE FINAZZO V. HAWAIIAN AIRLINES; CIVIL NO. 05-00524 JMS-LEK; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT'S MOTION FOR RULE 37 SANCTIONS AGAINST PLAINTIFF AND/OR HER COUNSEL AND DENY PLAINTIFF'S CROSS-MOTION FOR CONTINUANCE**