IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| MARIE ROSE FINAZZO, | ) | CIVIL NO. 05-00524 JMS-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HAWAIIAN AIRLINES, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**FINDINGS AND RECOMMENDATION TO AWARD
DEFENDANT'S ATTORNEYS' FEES AND COSTS**

On June 7, 2007, this Court entered its Findings and Recommendation to Grant in Part and Deny in Part Defendant's Motion for Rule 37 Sanctions against Plaintiff and/or Her Counsel and Deny Plaintiff's Cross-Motion for Continuance ("F&R"). There being no objections by Plaintiff, the district court entered an Order Adopting Magistrate's Findings and Recommendations ("Order") on June 27, 2007. This Court recommended that "the district court award Defendant its reasonably incurred attorneys' fees and costs associated with filing the instant Motion as well as the court reporting fees associated with the scheduled depositions that did not take place because of Plaintiff's failure to appear." [F&R at 15.]

On July 2, 2007, Defendant's counsel filed a declaration in support of the award of attorneys' fees and costs, requesting $4,576.96 in attorneys' fees and $1,295.31 in costs, for a total award of $5,872.27. Plaintiff did not file an

opposition. After reviewing Defendant's submission, and based on this Court's familiarity with the case, this Court finds and recommends that the district court award Defendant attorneys' fees in the amount of $4,123.04 and $1,278.30 in costs, for a total award of $5,401.34.

**DISCUSSION**

Based upon this Court's F&R and the subsequent Order Adopting the F&R entered by the district court, it is unnecessary to discuss Defendant's entitlement to attorneys' fees and costs.

**I. Attorneys' Fees**

Under federal law, reasonable attorneys' fees are generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000). The court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." Hensley, 461 U.S. at 433. Second, the court must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation. See Fischer, 214 F.3d at 1119 (citation omitted).

The factors the Ninth Circuit articulated in Kerr are:

(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the

>     skill requisite to perform the legal service
>     properly, (4) the preclusion of other employment
>     by the attorney due to acceptance of the case, (5)
>     the customary fee, (6) whether the fee is fixed or
>     contingent, (7) time limitations imposed by the
>     client or the circumstances, (8) the amount
>     involved and the results obtained, (9) the
>     experience, reputation, and ability of the
>     attorneys, (10) the "undesirability" of the case,
>     (11) the nature and length of the professional
>     relationship with the client, and (12) awards in
>     similar cases.

Kerr, 526 F.2d at 70.  Factors one through five have been subsumed in the lodestar calculation.  See Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996).  Further, the Ninth Circuit, extending City of Burlington v. Dague, 505 U.S. 557, 567 (1992), held that the sixth factor, whether the fee is fixed or contingent may not be considered in the lodestar calculation. See Davis v. City & County of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993).  Once calculated, the "lodestar" is presumptively reasonable.  See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987); see also Fischer, 214 F.3d at 1119 n.4 (stating that the lodestar figure should only be adjusted in rare and exceptional cases).

Defendant requests the following lodestar amount for work it contends is compensable under the terms of the F&R and Order:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Lynne T. T. Toyofuku | 6.5 | $265 | $1,722.50 |

```
Jan M. Boivin              12.5      $150         $1,875.00
Paul F. Kessler             9.1      $ 85         $  773.50
                                     SUBTOTAL     $4,371.00
            GENERAL EXCISE TAX (4.712%)           $  205.96
            TOTAL REQUESTED LODESTAR              $4,576.96
```

[Exs. A & D to Decl. of Lynne T. T. Toyofuku in Supp. of Award of Attorneys' Fees & Costs ("Toyofuku Decl.").]  Ms. Toyofuku was admitted to the Hawai'i bar in 1989 and has been a partner at various firms since 1998.  [Id. at ¶ 4.a.]  Ms. Boivin is an associate who was admitted to the Hawai'i bar in 2004 and who was apparently admitted to the Virginia bar in 2002.  [Id. at ¶ 4.b.]  Mr. Kessler is a paralegal with over thirteen years of experience.  [Id. at ¶ 4.c.]

    A.    **Reasonable Hourly Rate**

        In determining whether an hourly rate is reasonable, the Court considers the experience, skill, and reputation of the attorney requesting fees.  See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should reflect the prevailing market rates in the community.  See id.; see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district").

In addition to their own statements, attorneys are required to submit additional evidence that the rate charged is reasonable.  See Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).  Defendant submitted a chart from the 2006 edition of the Pacific Business News as evidence of the range of hourly rates for partners and associates in Hawai'i law firms.  Defendant states that the requested fees are within these ranges.  [Ex. B to Toyofuku Decl.]  In addition, this Court is well aware of the prevailing rates in the community and Plaintiff did not contest Defendant's submission.

Based on this Court's knowledge of the prevailing rates in the community and the parties' submissions in this case, this Court finds the requested hourly rate of $265 for Ms. Toyofuku, $150 for Ms. Boivin, and $85 for Mr. Kessler to be manifestly reasonable.

    B.   **Hours Reasonably Expended**

Beyond establishing a reasonable hourly rate, a party seeking attorney's fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained.  See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted).  A court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable.  See id. at 637

(citing INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987)).  A court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted).  Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated.  See Gates, 987 F.2d at 1399 (quoting Hensley, 461 U.S. at 433-34).

The Court finds the time spent by Ms. Toyofuku and Ms. Boivin to be necessary and reasonably expended in connection with: 1) the Motion for Sanctions and 2) the preparation of Ms. Toyofuku's declaration in support of the award of fees and costs.
The Court finds the time spent by Mr. Kessler to be excessive, however.  He spent 9.1 hours revising Ms. Toyofuku's declaration, compiling the exhibits to her declaration and calculating attorneys' fees and costs.  The Court finds that 4.0 hours is a reasonable amount of time for those tasks, especially in light of the fact that this is the second time during the course of this case that Defendant has sought and been awarded attorneys' fees and costs as a sanction.

C.  **Total Lodestar Award**

Based on the foregoing, this Court finds that Defendant has established the appropriateness of an award of attorney's

fees as follows:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Lynne T. T. Toyofuku | 6.5 | $265 | $1,722.50 |
| Jan M. Boivin | 12.5 | $150 | $1,875.00 |
| Paul F. Kessler | 4.0 | $ 85 | $ 340.00 |
| | | SUBTOTAL | $3,937.50 |
| | GENERAL EXCISE TAX (4.712%) | | $ 185.54 |
| | **TOTAL LODESTAR AWARD** | | **$4,123.04** |

The Court declines to adjust this amount based on the Kerr factors and finds that Defendant is entitled to attorneys' fees in the amount of $4,123.04.

**II.  Costs**

Defendant also seeks $1,295.31 in costs consisting of the following:

| | |
|---|---|
| Copying Costs (including tax) | $    68.06 |
| Legal Research Costs | $1,050.00 |
| Court Reporter Costs | $   157.07 |
| Postage Costs (including tax) | $     9.70 |
| Outside Courier Costs | $    10.48 |
| **Total** | **$1,295.31** |

[Toyofuku Decl. at ¶ 9; Ex. C.]

**A.   Copying Costs**

Defendant's copying costs, which apparently refer to in-house copying, consist of:

| 4/27/07 | Motion for Sanctions (285 pages @ $.20 page) | $57.00 |
|---|---|---|

7

| | | |
|---|---|---|
| 5/25/07 | Reply Memo to Plaintiff's Opposition to Motion for Sanctions and Opposition to Cross-Motion for Continuance (40 pages @ $.20 page) | 8.00 |
| | **Subtotal Copying Costs** | **$65.00** |
| | **Tax @ 4.712%** | **3.06** |
| | **TOTAL COPIER COSTS** | **$68.06** |

[Ex. C to Toyofuku Decl.] The Court finds that all of the copies were reasonable and necessary to the relevant filings. Further, copying costs are commonly incurred in litigation and typically passed on to fee paying clients. The Court, however, finds the per page rate of $0.20 to be unreasonable. Instead, the $0.15 per page rate typically allowed pursuant to Local Rule 54.2(f)4 is a reasonable rate. The Court therefore recommends the following copying costs:

| | |
|---|---|
| Motion for Sanctions (285 pages @ $.15 per page) | $42.75 |
| Reply Memo to Plaintiff's Opposition to Motion for Sanctions and Opposition to Cross-Motion for Continuance (40 pages @ $.15 page) | $ 6.00 |
| Subtotal | $48.75 |
| 4.712% Tax | $ 2.30 |
| **Total** | **$51.05** |

  **B.**  **<u>Westlaw</u>**

   Defendant incurred $1,050.00 in Westlaw research costs. Electronic legal research costs are commonly incurred in litigation and typically passed on to fee paying clients.

Defendant states that all costs were incurred in relation to the relevant filings. [Toyofuku Decl. at ¶ 10.] The Court therefore finds that the Westlaw costs were reasonable and necessarily incurred and are fully compensable.

### C.   Court Reporter Costs

Defendant incurred $157.07 in court reporter costs for transcription fees. As the district court adopted this Court's recommendation to award the court reporter costs associated with the scheduled depositions that did not take place because of Plaintiff's failure to appear, this Court finds that Defendant is entitled to the requested court reporter costs.

### D.   Postage

Defendant incurred $9.70 in postage. These costs appear to be reasonable. The Court thus recommends that the district court award Defendant its postage costs in full.

### E.   Courier Costs

Defendant incurred $10.48 in outside courier costs for deliveries to this Court. Courier costs are commonly incurred during litigation and typically passed on to fee paying clients. The Court finds that these expenses are reasonable and were necessarily incurred in connection with the relevant filings. The Court finds that the courier costs are compensable in full.

### F.   Total Costs Awarded

This Court therefore finds that Defendant is entitled

to the following costs:

|  |  |
|---|---:|
| Copying Costs | $   51.05 |
| Legal Research Costs | $1,050.00 |
| Court Reporter Costs | $  157.07 |
| Postage Costs | $    9.70 |
| Outside Courier Costs | $   10.48 |
| **Total** | **$1,278.30** |

### CONCLUSION

Based on the foregoing, this Court FINDS and RECOMMENDS that the district court award Defendant $4,123.04 in attorneys' fees and $1,278.30 in costs, for a total award of $5,401.34. The Court further recommends that the district court order Plaintiff to pay these amounts to Defendant's counsel by no later than August 10, 2007.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, July 13, 2007.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**MARIE ROSE FINAZZO V. HAWAIIAN AIRLINES; CIVIL NO. 05-00524 JMS-LEK; FINDINGS AND RECOMMENDATION TO AWARD DEFENDANT'S ATTORNEYS' FEES AND COSTS**